IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

CHARLES TOLLIVER, # 41452                                                             PLAINTIFF

versus                                                            CIVIL ACTION NO.  2:05cv2106-MTP

EMMA BRELAND, L.P.N.                                                                  DEFENDANT

MEMORANDUM OPINION AND ORDER

This matter is before the court on defendant's motion for summary judgment [38]. Having reviewed the submissions of the parties and the applicable law, for the reasons set forth below the court finds that the motion is well-taken and should be granted and that plaintiff's claims should be dismissed with prejudice.[1]

Factual Background

Plaintiff Charles Tolliver filed suit *pro se*, pursuant to 42 U.S.C. § 1983, claiming that he received inadequate medicare care while an inmate at South Mississippi Correctional Institution in Leakesville, Mississippi ("SMCI").[2]  Specifically, plaintiff alleges that defendant, Nurse Emma Breland, refused to provide medical treatment for an eye injury he allegedly sustained on or about September 8, 2005.  As a result of the alleged lack of medical treatment, plaintiff claims that he could lose his eye.  He seeks $10,000 in damages from Nurse Breland.

---

[1] The parties having consented to disposition by the Magistrate Judge and the District Judge having entered an Order of Reference [23], the court is authorized to enter final judgment pursuant to Fed. R. Civ. P. 73 and Local Rule 73.1.

[2] Plaintiff originally filed suit in the Circuit Court of Greene County, but the case was removed by defendant to this court [1].

1

## Summary Judgment Standard

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  Summary judgment is proper  "where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof." *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122 (5th Cir. 1988).  "A complete failure of proof on an essential element renders all other facts immaterial because there is no longer a genuine issue of material fact."  *Id.*

This court may grant summary judgment only if, viewing the facts in a light most favorable to the plaintiff, the defendant demonstrates that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law.  *Woods v. Smith,* 60 F.3d 1161, 1164 (5th Cir. 1995).   If the defendant fails to discharge the burden of showing the absence of a genuine issue concerning any material fact, summary judgment must be denied.  *John v. State of Louisiana,* 757 F.2d 698, 708 (5th Cir. 1985).  The existence of an issue of material fact is a question of law that this court must decide, and in making that decision, it must  "draw inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues."  *Id.* at 712 (quoting *U.S. Steel Corp. v. Darby*, 516 F.2d 961, 963 (5th Cir. 1975)).

There must, however, be adequate proof in the record showing a real controversy regarding material facts.  "Conclusory allegations," *Lujan v. National Wildlife Federation*, 497 U.S. 871, 902 (1990), unsubstantiated assertions, *Hopper v. Frank*, 16 F.3d 92, 96-97 (5th Cir.

2

1994), or the presence of a "scintilla of evidence," *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994), is not enough to create a real controversy regarding material facts. The non-movant must "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 225. In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (emphasis omitted).

Analysis

"Prison officials violate the constitutional proscription against cruel and unusual punishment when they are deliberately indifferent to a prisoner's serious medical needs, as doing so constitutes unnecessary and wanton infliction of pain." *Davidson v. Texas Dep't of Criminal Justice*, 91 Fed. Appx. 963, 964 (5th Cir. Mar. 19, 2004), *cert. denied*, 543 U.S. 864 (2004), (*citing Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). The Fifth Circuit has noted that deliberate indifference "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (*quoting Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001)). An official acts with deliberate indifference only when he or she knows of and disregards an excessive risk to a prisoner's health or safety. *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999) (citations omitted). To successfully make out a showing of deliberate indifference, plaintiff must "submit evidence that prison officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any other similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Davidson*, 91 Fed. Appx. at 965 (*quoting Domino*, 239 F.3d at 756).

A review of plaintiff's medical records reveals the following: On September 8, 2005, at

approximately 3:15 p.m., a correctional officer called Nurse Breland and reported that plaintiff had bumped his right eye on the windowsill, "felt like something was sticking in his eye," and wanted something to wash his eye. Nurse Breland examined plaintiff in his cell and found a small laceration (with no bleeding) above his right eye. She noted that the laceration "barely broke [plaintiff's] skin." She also noted that plaintiff's eye was red. Nurse Breland called a provider to request orders for an eye wash and for other instructions.[3] The next day, Nurse Harrison saw plaintiff, noting that he had a "small laceration." She examined him under a fluorescent light and found that he had a "small amount of irritation." Nurse Harrison applied lacrilube to plaintiff's bandage. The following day, on September 10, 2005, Nurse Wall examined plaintiff because he was complaining that his eye was itching and hurting. Nurse Wall noted some redness and a "small scratch," washed the eye with eyewash, and administered Tylenol.

Nurse Breland saw plaintiff again on September 21, 2005, when he came to the infirmary complaining of a migraine headache. He was seen by Dr. Welch, who refilled his prescription for Ibuprofen. Plaintiff did not complain about his eye. The only other times Nurse Breland saw plaintiff were on October 13, 2005, when he came to the infirmary complaining about a pain in the left side of his abdomen and was seen by Dr. Pat Arnold, and on November 9, 2005, when he came to the infirmary and was seen by Dr. Arnold for complaints of coughing and chest discomfort. On neither occasion did plaintiff complain about his eye.

---

[3] Nurse Breland is a Licensed Practical Nurse ("LPN"). According to Nurse Breland's affidavit (which is not refuted by plaintiff), an LPN operates under the authorized supervision of a professional registered nurse or a physician and cannot prescribe medications or treatment for a patient.

Based on the foregoing, plaintiff cannot establish that Nurse Breland was deliberately indifferent to a serious medical need.  First, as detailed above, plaintiff's medical records indicate that the injury to his eye was minor, and that it was being treated.  Although plaintiff has claimed in various pleadings that he could lose his eye because of Nurse Breland's alleged refusal to provide him with medical care, he has provided no evidence whatsoever to support that allegation.  Moreover, in support of her motion for summary judgment, defendant has submitted an affidavit from Dr. Alvaro J. Moreno, an optometrist who occasionally sees inmates at SMCI for optometry consultations, and who saw plaintiff in that capacity twice.  The second time was on December 15, 2005, when plaintiff was evaluated because he was complaining that his right eye was watering.  Among other things, Dr. Moreno's examination of plaintiff revealed that he had a "small, thin corneal scar in the right eye that was not visually significant."  Dr. Moreno found that the scar "does not and will not in the future affect Mr. Tolliver's vision in any way and Mr. Tolliver will not lose the eye because of the scar."  Plaintiff has not refuted these statements.

In addition, plaintiff cannot establish that Nurse Breland acted or failed to act with deliberate indifference.  The only issue raised by plaintiff with respect to the medical care he received (or did not receive) from Nurse Breland is his allegation (set forth in his Complaint) that after Nurse Breland examined his eye on September 8, 2005, he asked her to wash out his eye but she refused to do so.  Plaintiff claims that he had to wait until Nurse Breland left work and then his eye was washed out at 11:30 p.m. that night (it is unclear by whom).  There is nothing in the medical records to support these assertions.  According to an affidavit submitted by Nurse Breland in support of her motion for summary judgment, when she received the eyewash she washed plaintiff's eye and applied triple antibiotic ointment and a bandage.  Plaintiff's only

5

response to Nurse Breland's affidavit is that she is not telling the truth, and that there are thirteen witnesses who can testify that Nurse Breland did not give him medical treatment, including several officers at SMCI.  However, "[c]onclusory allegations, speculation and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden" in response to a motion for summary judgment.  *Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (citation omitted).  Moreover, this response relies on hearsay testimony and unsworn statements and, therefore, should not be considered in deciding this motion for summary judgment.  *See* Fed. R. Civ. P. 56(e); *see also Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987).

   Thus, plaintiff has failed to meet his burden of pointing to "specific evidence in the ... record demonstrating that there is a material fact issue concerning the essential elements of [his] case."  *Douglass*, 79 F.3d at 1429.  The undisputed facts demonstrate that plaintiff received medical treatment by defendant for a minor medical condition and, therefore, he cannot demonstrate that defendant was deliberately indifferent to his serious medical needs.  In addition, defendant is protected by qualified immunity, as plaintiff has failed to establish that she acted with deliberate indifference to a serious medical need.  *See Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 755 (5th Cir. 2001) ("As discussed above, the first part of the qualified immunity test ... depends on whether the summary judgment evidence, viewed in a light favorable to [plaintiff], demonstrates that [defendant] was deliberately indifferent to [plaintiff's] serious medical needs.").

## CONCLUSION

For the reasons stated above, this court finds that defendant's motion for summary judgment should be granted and that plaintiff's claims against defendant should be dismissed with prejudice.

IT IS , THEREFORE, ORDERED AND ADJUDGED that defendant's motion for summary judgment [38] is granted and plaintiff's claims against defendant are dismissed with prejudice.  A separate judgment in accordance with Federal Rule of Civil Procedure 58 will be filed herein.

IT IS FURTHER ORDERED AND ADJUDGED that all other pending motions, if any, are dismissed as moot.

SO ORDERED AND ADJUDGED on this the 21st day of February, 2008.

s/ Michael T. Parker
United States Magistrate Judge